IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.   CRIMINAL NO. 1:19CR95-LG-RPM
   CIVIL NO. 1:23CV82-LG

**BOB CHESTLEY CUNNINGHAM**

ORDER DENYING DEFENDANT'S MOTION
TO VACATE SENTENCE UNDER 28 U.S.C § 2255

**BEFORE THE COURT** is Defendant Bob Chestley Cunningham's [45] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Cunningham's Motion was not signed and both the Motion and Memorandum appeared to contain at best, inaccurate dates, although arguably there is a discernable odor of deceit.

The Court ordered the parties to supplement the record to assist the Court in determining whether Cunningham's Motion was timely filed. After reviewing the Motion, supporting Memorandum, and the supplemental documents provided by the parties, the Court finds that Cunningham's Motion should be denied as untimely.

BACKGROUND

Cunningham pled guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On January 12, 2021, the Court sentenced him to 121 months of imprisonment and five years of supervised release. (J. at 2-3, ECF No. 43).

On March 29, 2023, the Clerk of Court received the present [45] Motion and supporting [46] Memorandum, which had been mailed to the Court in the same envelope containing several exhibits. In the Motion, Cunningham states, "Pursuant to 28 U.S.C. § 2255 this filing is within the one[-]year time frame allotted from final adjudication date of 1/12/2021." (Mot. at 10, ECF No. 45). On the signature page of his Motion, Cunningham states that the Motion was placed in the prison mailing system on "10/24/2021" and executed on "October 24, 2021." (*Id.* at 12). The line above "Signature of Movant" is blank, but

> Bob Chestley/In Pro Per
> Affiant/Petitioner

is printed underneath. (*Id.*)

On page 9 of his Memorandum, Cunningham represents that his Memorandum was "respectfully submitted and signed on this the 24th day of October 2021." (Mem. at 9, ECF No. 46). The signature line appears to contain Cunningham's signature. He also signed the following statement on page 10 of his Memorandum:

> Affidavit/Statement
> I, Bob Chestley Cunningham, hereby certify and declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury and pursuant to 28 U.S.C. § 1746.
>
> Executed and Signed on this 24th day of October 2021.

(*Id.* at 10). The Certificate of Service claims that the Memorandum was placed in the prison's mail room on October 24, 2021. (*Id.* at 12). The signature line was left blank, but Cunningham's name is printed underneath.

Of significance, Cunningham's original Motion, purportedly signed and placed in the prison mailing system on October 24, 2021, included several attachments. The first page of the attachments cites a case that was decided in 2022. Also attached as an exhibit is an email dated December 29, 2022. *See* (ECF No. 46-1). An opinion Cunningham included when he mailed the Motion and Memorandum is dated February 15, 2023. (*Id.*) As part of these attachments, Cunningham also filed an Individual Needs Plan dated February 9, 2022, which reflected that he tested positive for COVID-19 on January 12, 2022, and recovered on March 22, 2022.

Since Cunningham did not sign his Motion, the Court ordered Cunningham to provide an affidavit signed under penalty of perjury stating that the matters contained in his Section 2255 Motion are true and correct. (Order at 2, ECF No. 47). The Court also explained that the affidavit must "specify the manner and the date on which the Motion was placed in the prison mailing system." (*Id.*) The Court cautioned Cunningham that "[f]ailure to provide this affidavit to the Court on or before May 5, 2023, will be viewed as an admission that the Motion is time-barred and a withdrawal of the Section 2255 Motion." (*Id.* at 2-3). In his supplemental response, Cunningham did not provide an affidavit; he merely provided general information concerning the restrictions related to COVID-19 that were in place at the prison. Cunningham did not attempt to explain the apparent date discrepancies or the relevance of these materials to this case.

The Court also required the Government to provide information from the prison regarding its mailing procedures. According to the declaration signed by an attorney for the Bureau of Prisons, the prison's log reflected that, as of May 4, 2023, Cunningham had no outgoing legal or certified mail in the past three years. He also testified that the prison places a stamp on outgoing mail. None of the documents that the Court has received from Cunningham contain such a stamp. *See* (Envelope, ECF No. 45-1; Envelope, ECF No. 48-2).

## DISCUSSION

A movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely. *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019). Section 2255 Motions generally must be filed within one year after the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Rule 3 of the Rules Governing Section 2255 Proceedings provides that a motion filed by an inmate is timely if placed in the prison's internal mailing system on or before the last day for filing. "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d), Rules Governing Section 2255 Proceedings.

The limitation period for § 2255 Motions runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a criminal defendant does not file a direct appeal of his conviction, the conviction "becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) (citing *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)). Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal in a criminal case "must be filed in the district court within 14 days" after the entry of the judgment.

The Judgment was entered in this case on January 12, 2021, so Cunningham's § 2255 Motion was due by January 26, 2022. Cunningham's own filings reveal the attempted deception. And since Cunningham included an opinion dated February 15, 2023, in the same envelope with his Motion and Memorandum, the Court must conclude that Cunningham's 2255 Motion and Memorandum were mailed after February 15, 2023, despite Cunningham's patently false representations to the contrary. Cunningham's § 2255 Motion is therefore untimely.

Cunningham appears to claim in his supplemental response that prison restrictions related to COVID-19 prevented him from timely filing his Motion. In an

abundance of caution, the Court will address any quiescent claims of equitable tolling. In order to demonstrate that he is entitled to equitable tolling, Cunningham must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). Equitable tolling is permitted only "in rare and exceptional circumstances." *Id.* Assuming that Cunningham's signed statement on page 9 of his Memorandum is correct, he had fully prepared his Memorandum by October 24, 2021, and he has not explained why he could not mail his Memorandum and Motion at that time. He also has not explained how the COVID-19 restrictions prevented him from timely filing his Motion. As a result, Cunningham's § 2255 Motion is denied as untimely.

## CONCLUSION

For the foregoing reasons, Cunningham's § 2255 Motion is denied. The Court has determined that a hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Cunningham] is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see also* 28 U.S.C. § 2255(f).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Bob Chestley Cunningham's [45] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE